# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICHARD HIGGINBOTHAM,**
**Claimant Below, Petitioner**

**FILED**
**May 23, 2024**
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-572**        (JCN: 2016020557)

**FRASURE CREEK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Higginbotham appeals the December 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Frasure Creek Mining, LLC, ("FCM") filed a response.[1][2] Mr. Higginbotham did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which found that Mr. Higginbotham had been fully compensated by his prior permanent partial disability ("PPD") awards for occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 27, 1993, in claim number 930017069, Mr. Higginbotham was granted a 5% PPD award for OP based on the report of the OP Board finding x-ray evidence of OP with no pulmonary impairment. Mr. Higginbotham filed an Employee's Report of Occupational Pneumoconiosis dated December 9, 2015, indicating that his date of last exposure was March 15, 2013. On February 12, 2016, the claim administrator held the claim compensable on a non-medical basis subject to the statutory presumption.[3] The OP

---

[1] Mr. Higginbotham is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. FCM is represented by Sean Harter, Esq.

[2] This Court recognizes that the Board's final order and the Petitioner's pleadings all name Respondent as Frasure Mining Creek, LLC. The Court believes this to be a typographical error and will use Respondent's correct name throughout this decision.

[3] West Virginia Code § 23-4-8c(b) (2009) provides:

Board issued findings dated July 12, 2016, detailing its examination of Mr. Higginbotham. The OP Board found evidence of 15% pulmonary impairment related to OP. On September 6, 2016, the claim administrator issued an order granting Mr. Higginbotham an additional 10% PPD award based on the OP Board's findings.

Mr. Higginbotham submitted an application to reopen his claim for PPD benefits dated February 22, 2021. The application was signed by Daniel Doyle, M.D., and indicated that Mr. Higginbotham had progressive exertional dyspnea and coughing with exertion. The claim administrator issued an order dated March 8, 2021, reopening the claim for PPD benefits based on the non-medical presumption. Mr. Higginbotham was reexamined by the OP Board on August 26, 2021. The OP Board noted that Mr. Higginbotham was exposed to a dust hazard for eighteen years with exposure sufficient to cause OP. The OP Board further noted that Mr. Higginbotham's chest x-rays revealed a mild nodular fibrotic process consistent with simple OP without any pleural disease. The OP Board found that Mr. Higginbotham had no additional pulmonary impairment above the 15% he was previously granted.

The claim administrator issued an order dated October 19, 2021, granting no additional PPD award based upon the OP Board's August 26, 2021, findings. Mr. Higginbotham protested this order. The members of the OP Board testified in this claim on February 16, 2022, and on September 20, 2023. Johnsey Leef, Jr., M.D., the OP Board's radiologist, testified that Mr. Higginbotham's chest x-rays demonstrated a mild, nodular fibrotic process consistent with simple OP, and hyperinflation in the upper lobes consistent with chronic obstructive pulmonary disease ("COPD"). Dr. Leef noted that Mr. Higginbotham had a 28-year history of smoking cigars, which can cause COPD. Jack Kinder, M.D., the chairman of the OP Board testified that he agreed with Dr. Leef's interpretation of the x-rays. Dr. Kinder further testified that although the spirometry performed on August 26, 2021, revealed 25% impairment, only 15% was attributable to OP. Dr. Kinder opined that the remaining 10% impairment was attributable to Mr. Higginbotham's COPD caused by smoking.

On December 12, 2023, the Board affirmed the claim administrator's order, which found that Mr. Higginbotham had been fully compensated by his prior PPD awards for OP.

> If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

The Board found that Mr. Higginbotham failed to establish that the OP Board was clearly wrong. Mr. Higginbotham now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Higginbotham argues that he had eighteen years of occupational dust exposure and the studies of record revealed that he has a 25% impairment. Mr. Higginbotham further argues that the OP Board did not take into consideration that its own testing found a progressive worsening of his impairment, from 5% in 1993, to 15% in 2016, to 25% in the most recent studies. Finally, Mr. Higginbotham argues that it is against reason, with OP being a progressive disease, that the 10% increase in pulmonary impairment from 2016 to 2021 was solely due to non-occupational factors. We disagree.

In *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board determined that Mr. Higginbotham failed to establish that the OP Board was clearly wrong. Based on the OP Board's findings, the Board found that the presumption under West Virginia Code § 23-4-8c(b) had been rebutted to 15%. Thus, the Board found that Mr. Higginbotham failed to establish with medical evidence that he has more than 15% impairment related to OP.

Upon review, we conclude that Mr. Higginbotham has failed to meet his burden of establishing that the OP Board was clearly wrong and, therefore, we cannot conclude that the Board erred in adopting the OP Board's recommendation. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and

3

capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Accordingly, we affirm the Board's December 12, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear